IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:13-cr-20290-JTF-dkv |
| MICHAEL LILLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS ON DEFENDANT'S MOTIONS**

Before the Court comes Defendant Michael Lilley's Motion to Amend and Adopt Docket Entry 37 filed October 7, 2014, (ECF No. 79); Motion to Disclose filed October 14, 2014, (ECF No. 82); Motion to Change Venue filed October 14, 2014, (ECF No. 84); and Motion to Suppress Statements filed October 6, 2014, (ECF No. 77). Government filed a Response to Defendant's Motion to Change Venue on October 15, 2014, (ECF No. 85), and Defendant's Motion to Suppress Statements on October 14, 2014, (ECF No. 83). On October 17, 2014, this Court referred the above four motions to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a Report and Recommendation on each. (ECF No. 87). The Magistrate Judge held a hearing on the motions on November 5, 2014, (ECF No. 92), to which a transcript of the hearing can be found at ECF No. 97. On November 6, 2014, the Magistrate Judge issued separate Reports and Recommendations for three of the above motions. Specifically, the Magistrate Judge recommended that Defendant's Motion to Amend be granted, (ECF No. 93); Defendant's Motion to Disclose be granted, (ECF No. 94); and Defendant's Motion to Change Venue be denied,

1

(ECF No. 95). Further, on November 14, 2014, the Magistrate Judge issued her Report and Recommendation that Defendant's Motion to Suppress be denied. (ECF No. 96). Neither party has filed objections to the Magistrate Judge's Reports and Recommendations, and such time for filing has expired.

For the following reasons, the Court finds that the Magistrate Judge's Reports and Recommendations should be adopted, and Defendant's Motion to Amend GRANTED; Motion to Disclose GRANTED; Motion to Change Venue DENIED; and Motion to Suppress DENIED.

## I. FACTUAL HISTORY

The parties filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF Nos. 95 at 2-3; 96 at 3-7).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed.

App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

### III. ANALYSIS

#### A. The Magistrate Judge's Reports and Recommendations

In her Reports and Recommendations, the Magistrate Judge examined four motions filed by the Defendant. Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. <u>Defendant's Motion to Amend and Adopt Docket Entry 37</u>

The Defendant filed a Motion to Amend and Adopt Docket Entry 37 seeking to adopt a filing of previous counsel and to amend certain language within the original filing. (ECF No. 79). The Magistrate Judge concluded that the Defendant's Motion to Amend should be granted. Primarily, the Government does not oppose such amendment. (ECF Nos. 93 at 2; 97 at 9). The Magistrate Judge did not make any recommendation as to the merit of the amended motion. (ECF No. 93 at 2).

2. <u>Defendant's Motion to Disclose</u>

The Defendant filed a Motion to Disclose seeking a Court Order directing the Government to disclose the identity of "K.F." and "P.G", both of which are minors involved in this case. (ECF No. 82). The Defendant is aware of all other identities within the case. (ECF No. 97 at 12). The Magistrate Judge concluded that the Defendant's Motion to Disclose should be granted to allow the Defendant to put forth a full and proper defense. (ECF Nos. 94 at 2; 97 at 12). The Magistrate Judge recommended that such disclosure be private and notice should subsequently be filed with the Court. (ECF No. 97 at 12-13).

3. Defendant's Motion for Change of Venue

The Defendant's Motion for Change of Venue requested a change of venue based on *Skilling v. United States*, 561 U.S. 358, 382-83 (2010) (considering the size and characteristics of the jury pool, blatantly prejudicial information within the publicity, and temporal proximity of the news reports to the trial). (ECF No. 84). Specifically, the Defendant argued that news reports, between September 9, 2013 through October 5, 2013,[1] provide sufficient pretrial publicity to taint any possible jury pool within the Western District of Tennessee. The Magistrate Judge determined that Defendant has failed to show a level of prejudice that a proper *voir dire* could not correct. Specifically, the community of 11,000 people in Millington is diluted by the City of Memphis alone with a population above 650,000. (ECF No. 95 at 5). Further, no blatantly prejudicial information as understood in *Skilling* is found in this case. *Id.* at 6. Moreover, the reports in this case are now over a year old; to this point, no media presence has been noted in this case. (ECF No. 97 at 15). As such, the Magistrate Judge recommended that Defendant's Motion for Change of Venue be denied. (ECF No. 95 at 7).

4. Defendant's Motion to Suppress Statements

The Defendant's Motion to Suppress requested that two statements of the Defendant be suppressed as a violation of Defendant's Fifth Amendment rights. (ECF No. 77); *see also Miranda v. Arizona*, 384 U.S. 436 (1966). Specifically, Defendant takes issue with one statement pre-*Miranda*[2] and another statement post-*Miranda*. As to the post-*Miranda* statement, the Magistrate Judge determined that Defendant was informed of his rights, voluntarily waived

---

1. There was one additional news report that generally referred to Defendant in the *Memphis Flyer* published in early January of 2014. The other dates are stipulated by the parties. (ECF No. 97 at 18-19).

2. The Magistrate Judge recommended that the pre-Miranda statement suppression be denied as moot. (ECF No. 96 at 2 n.1). The Government is unaware of any statement made pre-Miranda that they intend to use. (ECF No. 97 at 27-28).

his rights, and any possible invocation of his right to counsel otherwise was not specific enough. (ECF No. 96 at 8-16).

First, the Magistrate Judge's determination that Defendant was informed considered that *Miranda* requires the Defendant to have four warnings: (1) the right to remain silent; (2) that statements can and will be used against them in court; (3) the right to an attorney; and (4) that such attorney will be appointed if necessary. *Miranda*, 384 U.S. at 467-73. The Defendant acknowledged that he was read each of the four warnings and initialed each accordingly. (ECF No. 97 at 37, 43-45). Additionally, Defendant's action of refusing to answer some questions while answering others is sufficient to show his understanding of such rights. (ECF Nos. 96 at 11; 97 at 38). Second, the Magistrate Judge's determination of voluntariness was based on the totality of the circumstances, in which there was no evidence of inherently coercive tactics during the questioning. (ECF No. 96 at 13). Third, the Defendant contends that he twice invoked his right to counsel that was ignored by the officers. (ECF Nos. 77 at 1; 97 at 38). The Magistrate Judge determined that the officer's testimony was credible and that Defendant's questioning ended upon his exercise of such rights. (ECF No. 96 at 15). Moreover, even if Defendant made the statements he contends, such statements of "I think" or questions to the officer asking whether an attorney is appropriate are not specific enough to invoke the right to counsel under the Fifth Amendment. *Davis v. United States*, 512 U.S. 452, 459 (1994) (requiring the defendant to be "sufficiently clear[] that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney"); *United States v. Delaney*, 443 F. App'x 122, 130 (6th Cir. 2011) (finding "'I think I should talk to a lawyer, what do you think?'" insufficient); *see* (ECF No. 97 at 38-39, 43-45).

**B. *De Novo* Review of the Magistrate Judge's Reports and Recommendations**

Neither party filed objections to the Magistrate Judge's Reports and Recommendations. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object.").

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding Defendant's Motions. The Magistrate Judge properly recommended allowing Defendant's request for an amendment and disclosure. Additionally, this Court agrees with the Magistrate Judge's recommendation to deny change of venue. The size of the district alone will provide an untainted jury upon a proper *voir dire*. Moreover, the Court finds that Defendant was properly informed, and he voluntarily waived his right to counsel; thus, the denial on Defendant's Motion to Suppress is proper.

**IV. CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Reports and Recommendations finding Defendant's Motion to Amend GRANTED; Motion to Disclose GRANTED; Motion to Change Venue DENIED; and Motion to Suppress DENIED.

**IT IS SO ORDERED** on this 8th day of December, 2014.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge