IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      No. 13-20290-JTF-dkv

MICHAEL A. LILLEY,

    Defendant.

───────────────────────────────────────────────

REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND MOTION
FOR BILL OF PARTICULARS

───────────────────────────────────────────────

On July 31, 2014, the grand jury returned a fourteen-count superseding indictment charging the defendant, Michael A. Lilley ("Lilley"), with sex trafficking of minors in violation of 18 U.S.C. § 1591, conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594, sexual exploitation of minors in violation of 18 U.S.C. § 2251(a),(e), distribution of child pornography in violation of 2252(a)(2), and possession of child pornography in violation of § 2252(a)(4)(B). (Superseding Indictment, ECF No. 62.) These charges arise out of an investigation by the Federal Bureau of Investigation, Human Trafficking Division in Memphis, Tennessee, which led to the search of Lilley's home on a search warrant, and his arrest on September 6, 2013.

Now before the court is Lilley's second motion for a bill of particulars pursuant to Rule 7 of the Federal Rules of

**1**

Criminal Procedure filed June 13, 2015. (Def.'s Sec. Mot. for Bill of Particulars, ECF No. 162.) The government filed a response on June 23, 2015. (U.S.'s Resp., ECF No. 171.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (ECF No. 169.) Pursuant to the reference, a hearing was held on July 24, 2015. For the reasons stated herein, it is recommended that the motion be denied.

Lilley contends that the bill of particulars is needed to enable counsel to prepare for trial and to provide sufficient notice as to what conduct or action by Lilley allegedly violated the law. Lilley seeks to have the government specify its theory of culpability under 18 U.S.C. § 1591(c) in Counts 1 to 5 of the indictment which charge Lilley with sex trafficking of a minor. Similarly, Lilley seeks to have the government specify its theory of culpability under 18 U.S.C. § 2251(a) in Counts 6-9 of the indictment which charge him with production of child pornography. He requests a bill of particulars which identifies the *actus reus* the government intends to prove at trial for both of the statutes Lilley is charged with violating and the *mens rea* of Lilley the government intends to prove for the § 1591(a)(1) violations. In addition, Lilley asks the government to delineate facts that relate to each manner the offense charged in each count was allegedly committed.

In response, the government argues that the indictment appropriately informs Lilley of the charges against him and provides him with sufficient information to prepare a defense. Plus, the government argues, what Lilley seeks would require the government to make pretrial elections which it is not required to do.

Courts are authorized by Rule 7(f) to direct the filing of a bill of particulars. The purpose of a bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead [double jeopardy] when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)(citations omitted); *accord United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The paramount inquiry in any given case is whether adequate notice of the charge has been given to the defendant. *See* 1 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 129 (3d ed. 1989). A bill of particulars is not meant as "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). Neverthless, courts have recognized that when particulars are

found to be necessary, they will be required of the government even if the effect is disclosure of evidence or of the government's theories. *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979); *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954)(citations omitted). A defendant's need for the information, however, must be clear. "[It] should be established by a demonstration that the need is real: a bare statement that the need exists is not enough." *United States v. Dolan*, 113 F. Supp. 757, 760 (D. Conn. 1953). Finally, the decision to order a bill of particulars is within the sound discretion of the trial court. *Salisbury*, 983 F.2d at 1375 (citations omitted).

The indictment in this case is straightforward and sufficiently detailed to provide adequate notice to Lilley of the crimes with which he is charged. The indictment tracks the statutory language. Each of the statutes has multiple means in which a person can commit the offense. But, "[i]t is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively. Upon the trial the government may prove and the trial judge may instruct in the disjunctive form used in the statute." *United States v. Priosk*, 2015 WL 2402121 No. 14-3402, at *6-7 (6th Cir. 2015)(citing *United States v. Murph,* 707 F.2d 895, 896–97 (6th Cir.1983) (citation omitted) and *United States v. Jones,* 533 Fed.Appx. 562, 572 (6th Cir. 2013)). The government represented

that the standard practice in the Sixth Circuit is to charge all various options to commit the offenses in the indictment.

Although this case has been deemed "complex," the indictment itself is not necessarily complex. There are only two statutes involved in the indictment, one defendant, and five victims. The presiding judge has options in fashioning the jury instructions in order to avoid confusion to the jury.

In addition, an order for a bill of particulars that provides the type of detailed information sought by Lilley would impermissibly demand evidentiary detail, unduly intrude upon the government's theories and require the government to make pretrial elections as to its proof to which the defendant is not entitled, and simply amount to discovery to which Lilley is not entitled. *United States v. Kelly*, 120 F.R.D. 103, 107-108 (E.D. Wis. 1988)(denying motion for bill of particulars).

It is recommended that Lilley's second motion for a bill of particulars be denied.

Respectfully submitted this 27th day of July, 2015.

    s/Diane K. Vescovo
    DIANE K. VESCOVO
    UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.