IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              No. 13-20290-JTF-dkv

MICHAEL A. LILLEY,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL
DISCOVERY AND DEFENDANT'S MOTION AND CORRECTED MOTION FOR RULING

_____

On July 31, 2014, the grand jury returned a fourteen-count superseding indictment charging the defendant, Michael A. Lilley ("Lilley"), with sex trafficking of minors in violation of 18 U.S.C. § 1591, conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594, sexual exploitation of minors in violation of 18 U.S.C. § 2251(a),(e), distribution of child pornography in violation of 2252(a)(2), and possession of child pornography in violation of § 2252(a)(4)(B). (Superseding Indictment, ECF No. 62.) These charges arise out of an investigation by the Federal Bureau of Investigation, Human Trafficking Division in Memphis, Tennessee, which led to the search of Lilley's home pursuant to a search warrant, and his arrest on September 6, 2013.

1

Now before the court is Lilley's June 15, 2015 motion pursuant to Rule 16 of the Federal Rules of Criminal Procedure to compel production of discovery sought in Lilley's June 5, 2015 discovery letter request to the government. (Def.'s Mot. to Compel Produc. of Disc., ECF No. 167.) The government filed a letter response on June 12, 2015. (U.S.'s Resp., ECF No. 161.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (Order of Reference, ECF No. 169.)

Also before the court is Lilley's July 9, 2015 motion and July 10, 2015 amended motion for immediate disclosure of information pertaining to five lay witnesses for purposes of serving subpoenas on the witnesses to procure their attendance at the hearing on Lilley's suppression motion which was scheduled for July 23, 2015. (Mot. and Corrected Mot. for Ruling, ECF Nos. 180, 182.) These motions were also referred to the United States Magistrate Judge. (Order of Reference, ECF No. 187.) The motion and amended motion are in the nature of a motion to compel and will be treated as such. Pursuant to the references, a hearing was held on July 24, 2015. For the reasons stated herein and on the record at the hearing, it is recommended that the motions be denied.

I.  PROPOSED FINDINGS OF FACT

In his motion to compel, Lilley seeks specific information about ten cellular phones seized by the government in connection with this case. In addition, Lilley seeks what he describes in general as "impeachment evidence," which consists of "as to J.O. specifically, the affidavit of complaint for the last offense he was charged with (burglary of a vehicle)" as well as any promises of leniency or discussions about leniency the government may have made to J.O. or had with the state prosecutors. As to J.A., Lilley seeks the full name and address of J.A. who provided statements to the government which initiated the prosecution in this case and supported the government's application for the issuance of a search warrant of Lilley's house.

A.  <u>Cellular Phone Information</u>

Specifically, Lilley seeks the names of the owners or the individuals to whom each phone is attributed, the phone number for each phone seized, the location of the seizure of each phone, and the contents of information extracted by the FBI from each phone. At the hearing, the court painstakingly went through information concerning each separate phone. The government provided the name of the individuals to whom each phone was attributed, the locations of the seizures of each phone, whether the contents of the phone had been examined, and

3

whether information had been extracted. As to the information extracted, the government indicated whether the information was material evidence, whether there were any calls to the defendant or victims, whether any pictures were seized, whether the material had already been provided to Lilley, and whether the information constituted impeachment evidence. The government further represented that the phone numbers associated with each phone had previously been provided to Lilley but would be made available again along with the corresponding model of each phone.

B.  Information about J.O. and J.A.

At the hearing, the government represented that it did not have in its possession the affidavit of complaint for the last offense J.O. was charged with, that is, burglary of a vehicle. The government further represented that it had no discussions with state court prosecutors with regard to J.O.'s state crimes, and that the government made no promises of leniency to J.O. with respect to J.O.'s state crimes in exchange for his testimony in this case.

C.  Addresses of Five Witnesses

By order dated July 23, 2015, the court quashed Lilley's subpoenas for the five lay witnesses. Thus, disclosure of their addresses is moot.

4

II. PROPOSED CONCLUSIONS OF LAW

As a general matter, the government has a duty to disclose evidence favorable to an accused person when such evidence is material to guilt or punishment. *Brady v. Marylan*, 373 U.S. 85 (1963). "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Id.* at 87. Evidence "favorable to an accused" includes exculpatory evidence and evidence that impeaches a government witness. *U.S. Bagley*, 473 U.S. 667676 (1985); *Giglio v. U.S.*, 405 U.S. 150, 154-55 (1972). "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675 (1985). The prosecution's duty to disclose information when appropriate applies even though the defense makes no formal request for information and continues throughout the adversarial proceedings. *United States v. Agurs*, 427 U.S. 97, 107 (1976).

However, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Neither *Brady* nor *Giglio* grants the defendant a general right to pretrial discovery of impeachment or bias evidence in the government's

5

possession. *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

Federal Rule of Criminal Procedure 16(a) governs pretrial discovery in criminal matters and sets forth the general guidelines governing the government's statutory duty to disclose information to the defense. Rule 16(a)(2) expressly provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). The Jencks Act, 18 U.S.C. § 3500, requires production of a witness statement after the witness has testified on direct examination. Rule 26.2 likewise requires production of witness statements only after a witness has testified. *United States v. Carter*, 621 F.2d 238, 139 (6th Cir. 1980). The defense is not entitled to know in advance of trial who will testify for the government. *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984).

The government has satisfied its discovery obligations regarding the information concerning the cellular phones, and it is recommended that the motion to compel be denied as to the

6

cellular phones. The government is reminded, however, of its continuing duty to disclose any *Brady* and *Giglio* material in time for its "effective" use at trial.

The government cannot provide something it does not have. Accordingly, Lilley's motion to compel the affidavit of complaint for the last offense J.O. was charged with (burglary of a vehicle) as well as any promises of leniency or discussions about leniency the government may have made to J.O. or had with the state prosecutors is denied.

The only remaining item which is the subject of discovery is the full name of J.A. and his address.

It is well-established that the government has a privilege not to disclose the identity of persons who provide information about criminal activity. *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). But the privilege is not absolute. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. In determining whether the identity of an informant is subject to disclosure, a court must balance the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes with the defendant's need for disclosure to ensure a fair trial. *Id.* at 59-62. Factors to consider include the crime charged, the

7

possible defenses, the possible significance, the informer's possible testimony, and any other relevant factors. *Id.* at 62. Though the issue is one to resolve on a case-by-case basis, often the decision turns on whether the informant merely supplied a tip versus whether they are a material or necessary witness. *United States v. Sharp*, 778 F.2d 1182, 1186 n.2 (6th Cir. 1985).

Generally the identity of confidential informants who were merely the "tipster" that supplied the probable cause for a search will not be disclosed. *See McCray v. Illinois*, 386 U.S. 300 (1967) (upholding informant's privilege in preliminary hearings to determine probable cause); *Sharp*, 778 F.2d at 1186 n.2 (citing examples); *United States v. Missouri*, 644 F. Supp. 108, 112 (E.D. Mich. 1986) (reasoning that the issuing judge already had the opportunity to require identification of informant when the search warrant was issued if the judge had doubted the informant's credibility); 2 Charles Alan Wright, Federal Practice and Procedure, § 254.3, at 155 (3d ed. 2000). On the other hand, those informants who are more central to the defendant's guilt or innocence are more likely to have their identities disclosed. *Sharp*, 778 F.2d at 1186 n.2 (citing examples); Wright, *supra*, § 254.3, at 155-56. The burden is on the defendant to show how disclosure of the informant would substantively assist his

defense.  *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Here, Lilley has not met his burden to show how the identity of J.A. is necessary to his case.  He does not demonstrate at all how the disclosure of J.A.'s full name would assist his defense on the merits.  J.A. was not a victim nor was he a participant in the crimes with which Lilley is charged.  In considering the *Roviaro* factors, the court is of the opinion that any possible testimony would solely be related to J.A.'s credibility and basis of knowledge.  It appears that Lilley wanted the full name of J.A. in order to ascertain the veracity, credibility, and basis of J.A.'s knowledge to determine whether the affidavit supported probable cause for the search warrant of Lilley's house, and, in turn, for Lilley's arrest.  The court has already determined by separate Report and Recommendation that Lilley has not made the necessary preliminary showing to warrant a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) in connection with the search warrant for Lilley's house. Lilley merely speculates that J.A.'s veracity, credibility, or basis of knowledge may be attacked.  There are no facts or other information to lend support to the speculation.  Accordingly, even though J.A. is not a confidential informant used by the government in other cases, the court finds that the government's interest at this point in protecting J.A.'s identity outweighs

Lilley's need for J.A.'s full name. The court also finds that an *in camera* hearing is not necessary in making its determination under *Roviaro*. If the government does call J.A. to testify at trial, the government is reminded that it must make any material producible under *Giglio* available at trial. Accordingly, it is recommended that Lilley's motion for the disclosure of J.A.'s full name be denied.

III. RECOMMENDATION

It is recommended that Lilley's motion to compel and motions for immediate production be denied.

Respectfully submitted this 30th day of July, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.