# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:13-cr-20290-JTF-dkv |
| MICHAEL A. LILLEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND MOTION FOR BILL OF PARTICULARS

Before the Court comes Defendant Michael A. Lilley's Second Motion for Bill of Particulars filed on June 13, 2015. (ECF No. 162). On June 16, 2015, this Court referred the Motion to the Magistrate Judge pursuant to 28 U.S.C. § 636, (ECF No. 169), and the Government filed a Response in Opposition to Defendant's Motion on June 23, 2015. (ECF No. 171). Pursuant to such referral, the Magistrate Judge held a hearing regarding the motion on July 24, 2015. (ECF No. 203). The Magistrate Judge issued her Report and Recommendation that Defendant's Motion for Bill of Particulars be denied on July 27, 2015. (ECF No. 205). Plaintiff has not filed objections to the Magistrate Judge's Report and Recommendation, and the time to file such objections has expired.

Upon full review of the record, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED, and Defendant's Second Motion for Bill of Particulars DENIED.

1

## I. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## II. ANALYSIS

**A. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation, the Magistrate Judge examined whether Defendant's Second Motion for Bill of Particulars should be granted. (ECF No. 162). The Magistrate Judge recommends that the Motion be denied. (ECF No. 205 at pp. 2-5). Specifically, the Magistrate Judge concluded that "[t]he indictment in this case is straightforward and sufficiently detailed to provide adequate notice to [Defendant] of the crimes with which he is charged." *Id.* at p. 4.

### B. *De Novo* Review of the Magistrate Judge's Report and Recommendation

The Defendant did not file objections to the Magistrate Judge's Report and Recommendation. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Defendant could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusion of law regarding the sufficiency of notice within the indictment. As such, this Court finds the Magistrate Judge's analysis and recommendation proper.

### III. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to deny Defendant's Second Motion for Bill of Particulars. Therefore, Defendant's Second Motion for Bill of Particulars is DENIED.

IT IS SO ORDERED on this 12th day of August, 2015.

<u>**s/John T. Fowlkes, Jr.**</u>
John T. Fowlkes, Jr.
United States District Judge