IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:13-cr-20290-JTF-dkv |
| MICHAEL A. LILLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE, TO INVALIDATE ARREST AND TO RECONSIDER RULING ON PRIOR MOTION TO SUPPRESS STATEMENTS BASED ON NEWLY DISCOVERED EIVDENCE**

Before the Court comes Defendant Michael A. Lilley's Motion to Suppress Tangible Evidence, to Invalidate Arrest and to Reconsider Ruling on prior Motion to Suppress Statements Based on Newly Discovered Evidence filed June 15, 2015. (ECF No. 168). On June 16, 2015, this Court referred the Motion to the Magistrate Judge pursuant to 28 U.S.C. § 636, (ECF No. 169), and the Government filed a Response in Opposition to Defendant's Motion on June 26, 2015. (ECF No. 173). Pursuant to such referral, the Magistrate Judge held an evidentiary hearing on July 24, 2015. (ECF No. 203). The Magistrate Judge issued her Report and Recommendation that Defendant's Motion be denied on July 30, 2015. (ECF No. 207). Neither party has filed objections to the Magistrate Judge's Report and Recommendation, and such time for filing has expired.

Upon full review of the record, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED, and Defendant's Motion to Suppress DENIED.

1

## I. FACTUAL HISTORY

The parties filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 207 at pp. 5-11).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

III. ANALYSIS

    A. The Magistrate Judge's Reports and Recommendations

In her Reports and Recommendations, the Magistrate Judge examined whether Defendant's Motion to Suppress should be granted.[1] (ECF No. 168). The Magistrate Judge recommends that the Motion be denied. (ECF No. 207 pp. 11-26). Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

    1. <u>Entitlement to a *Franks* Hearing</u>

The Magistrate Judge concluded that "Lilley ha[d] not made the necessary preliminary showing that Agent Lies intentionally or recklessly misled the issuing judge by omitting critical information, the inclusion of which would undermine probable cause." (ECF No. 207 at pp. 18-19). Further, "[p]robable cause would exist despite the inclusion of the omitted information, and accordingly, a *Franks* hearing is not justified." *Id.* at p. 19. *Franks* allows the court to consider evidence that was not before the issuing judge only if the defendant can show that the affiant made a false statement or recklessly disregarded the truth in his affidavit. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Further, *Franks* has been extended to intentional or reckless omissions that are critical to the determination of probable cause. *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004); *see also Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) ("A *Franks* hearing may be merited when facts have been omitted in a warrant application, but only in rare instances.").

With "statements of victims and eyewitnesses of crimes [being] entitled to a presumption of reliability and veracity without independent corroboration," the Magistrate Judge determined that the Government was under no duty to disclose S.S.'s previous lies to another person. *See*

---

[1] The Magistrate Judge also did not find a basis for reconsideration of Defendant's first motion to suppress, (ECF No. 77). *See* (ECF No. 207 pp. 2-3 n. 1).

(ECF No. 207 at p. 17) ("S.S.'s lies to Fox did not provide 'an apparent reason for [Special Agent Lies] to believe that the eyewitness was lying.'" (quoting *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999))); *United States v. Ingram*, No. 92-5367, 1993 U.S. App. LEXIS 924, *4-5 (6th Cir. Jan. 13, 1993) (citing *United States v. Phillips*, 727 F.2d 392, 397 (5th Cir. 1984); *United States v. Swihart*, 554 F.2d 264, 269 (6th Cir. 1977)). Moreover, the Magistrate Judge determined that probable cause could be found by solely relying on the testimony of J.A. (ECF No. 207 at p. 18).

### 2. Probable Cause of Lilley's Arrest

The Magistrate Judge concluded that "the FBI agents had probable cause to arrest Lilley based on the information provided to them by S.S. and J.A. (ECF No. 207 at p. 20). "[T]he collective knowledge of agents working as a team is to be considered together in determining probable cause." *United States v. Woods*, 544 F.2d 242, 259-60 (6th Cir. 1976).

### 3. Probable Cause to Search Lilley's Van

The Magistrate Judge determined that the search of the van was constitutional and based upon probable cause. (ECF No. 207 at p. 22). Specifically, the Magistrate Judge relied on the automobile exception, which allows "a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)). The "agents' testimony and the search warrant for Lilley's residence indicate that the FBI agents had ample reason[] . . . to believe that the van contained evidence of Lilley's prostitution activities." (ECF No. 207 at p. 23). Further, the Magistrate Judge concluded that such evidence would have been inevitably discovered. *Id.* at p. 24 (citing *United States v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 1995).

**B. *De Novo* Review of the Magistrate Judge's Reports and Recommendations**

The Defendant did not file objections to the Magistrate Judge's Report and Recommendation. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Defendant could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding Defendant's Motion. As such, this Court finds the Magistrate Judge's analysis and recommendation proper.

**IV. CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation finding Defendant's Motion to Suppress DENIED.

**IT IS SO ORDERED** on this 14th day of August, 2015.

***s/John T. Fowlkes, Jr.***
John T. Fowlkes, Jr.
United States District Judge
