IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:13-cr-20290-JTF |
| MICHAEL LILLEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
ON DEFENDANT MICHAEL LILLEY'S
MOTION TO COMPEL DISCOVERY

Before the Court is Defendant Michael Lilley's Motion to Compel Discovery filed on June 15, 2015 pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (ECF No. 167). Defendant seeks to compel production of discovery sought in Defendant's discovery letter request to the government sent on June 5, 2015. (ECF No. 158). The government filed a letter response on June 12, 2015. (ECF No. 161). On June 16, 2015, the Court referred the motion to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C §636(b). (ECF No. 169). On July 24, 2015, the Magistrate Judge conducted a motions hearing on the Motion to Compel.

For the following reasons, the Court finds the Magistrate's report and recommendation should be adopted and Defendant's Motion to Compel be DENIED.

1

## FACTUAL HISTORY

The parties filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 208 at 1-4).

## STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss the indictment, to a United States Magistrate Judge for submission of a proposed findings of fact and proposed conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. §636(b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den*., 448 U.S. 916 (1980). See 28 U.S.C. §636 (b)(1)(B).

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate's report and recommendation to which specific objections are made regarding the dispositive matters contained in the report and recommendation. *Id.* at 674-675. While most actions by a Magistrate Judge are reviewed for clear error, dismissal or quashing of an indictment or information and motions to suppress evidence are among the motions in criminal matters that are subject to *de novo* review. *U.S. Fidelity and Guarantee Co. v. Thomas Solvent Co,* 955 F.2d 1085, 1088 (6th Cir. 1992).

## ANALYSIS

### I. The Magistrate's Report and Recommendation

In her Report and Recommendations the Magistrate examined whether the Defendant's Motion to Compel should be granted to ensure that Defendant has access to the facts necessary to

conduct a fair trial and exercise his constitutional right of Due Process. The Defendant asserts that the government has not met its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83, and that those obligations under *Brady* should be interpreted liberally. (ECF No. 169 pp. 2). Additionally, defendant argues that extended delay and avoidance on the part of the government can make review of exculpatory evidence disclosed at trial impractical. *Id.* Specifically, Defendant contends that if the following information is withheld his constitutional rights will be substantial impaired: 1) the names of owners attributed to each cell phone, the phone number for each phone seized, the location of the seizure of each phone, and the contents of each phone; 2) information regarding the recent criminal history and any potential plea deals regarding witness J.O; and 3) the full name and full address of informant J.A. *Id.* at 1-2. Defendant asserts that the information in the cell phones necessarily contain information that is exculpatory, and therefore is required to be disclosed under *Brady*. *Id.* at 2. Additionally, Defendant avers that any delay in disclosure of exculpatory evidence originating from the cell phones will prohibit use of the evidence in the preparation and presentation of his case. *Id.* at 2-5. With regard to J.O., Lilley contends that any evidence of a plea deal or leniency is favorable to his defense and the government has a duty to disclose the information under *Brady*. *Id.* at 6. Defendant also argues that the identity of J.A. is material because J.A.'s testimony is relevant to the conspiracy charge against the Defendant. *Id.*at 8.

The Magistrate proposed conclusions of law recommended that Defendant's Motion to Compel should be denied. (Report and Recommendation, ECF No. 167). In her report and recommendations, the Magistrate determined that the government had met its disclosure obligations for the cellular phone. *Id.* at 6-7. Additionally, the Magistrate found that the

government did not have the information requested by the Defense regarding J.O., and had also failed to meet his burden to show how the identity of J.A. is necessary to his case. *Id.* at 7-10.

1. The Government Satisfied its Discovery Obligations Regarding the Cellular Phones

The Magistrate concluded that the Government satisfied its discovery obligations with regards to cellular phones after the court went through the information pertaining to each cellular phone at the motion hearing. Based on the information revealed during the hearing, the Magistrate found that there was no exculpatory evidence in the cellular phones. *Id.* However, the Magistrate did remind the government of their continuing duty to disclose any *Brady* and *Giglio* material in time for its "effective" use at trial. *Id.* at 7; *Giglio v. U.S.* 405 U.S. 150, 154 (1972).

2. The Government is not required to Produce Information it Does Not Have

The Government indicated at the motion hearing that they do not have the affidavit of the complaint of J.O.'s last arrest, and that there were no conversations on the part of the government or evidence on the part of state indicating leniency. (ECF No. 209). Accordingly, the Magistrate found there is no duty of disclosure on the Government for information they do not have. (Report and Recommendations, ECF No. 167).

3. The Defendant Failed to Meet Their Burden That the Identity of JA is Necessary to This Case

The Magistrate determined that the Defendant failed to show how disclosure of J.A.'s identity would substantially assist his defense. *Id.* at 9. Considering the *Roviaro* factors, the Court found that the benefit of disclosing J.A.'s identity to the Defendant's case did not outweigh the Government's interest in protecting J.A.'s identity as a protected informant. *Id.; Roviaro v. U.S.,* 353 U.S. 53, 59-62 (1957). Moreover, the Magistrate found no facts or

information to support the Defendant's speculation about J.A.'s credibility. The Defendant also failed to give any additional law or facts in his objection to address the Magistrate's finding that defendant failed to show that disclosure of J.A.'s identity was necessary to his case . *Id.* Additionally, the Magistrate determined that an *in camera* hearing is not necessary to make a determination under *Roviaro*, and in the event the government does call J.A. as a witness it still must make any material producible under *Giglio* available at trial. *Id.*

## II. **Defendants' Objections to the Magistrate's Report and Recommendation**

Defendant objects to the Magistrate's report and recommendation that recommends denial of his Motion to Compel arguing that: 1) absence of evidence in the cellular phones against the Defendant is exculpatory under the "negative brady," doctrine and that it is inevitable that any evidence in the cellular phones disclosed at trial will bring the proceedings to a halt; 2) the Government could contact the case agent or police department to obtain the affidavit and any plea deals regarding J.O.; and 3) any evidence obtained from J.A. that is ultimately shown to be fabricated is exculpatory. (Objections, ECF No. 213, pp. 2-10). The Court will address all three objections in turn.

1. Cellular Phone Claim

Defendant asserts that the contents of each phone should be disclosed because of the potential for "negative brady" material, and the supposedly imminent threat that disclosure of the content of the cell phone will substantially disrupt the trial. *Id.* at 2-6. The Defense argues that an absence of adverse evidence in the contents of the cell phone is "silent exculpatory" evidence. *Id.* at 6. Additionally, the Defense asserts that if the contents are disclosed at trial, pursuant to the government's *Brady* and *Giglio* duties, it will be impractical to review the contents of the phones

during trial. *Id.* Defendant also avers that pursuant to Fed. R. Evid. 106, any recorded statement or writing used at trial should be produced in its entirety. *Id.* at 4.

Upon a *de novo* review of the Magistrate's report, the Court finds that she evaluated all of the relevant facts derived from the records, transcripts, and motion hearings, while also applying the relevant case law and legal standards in reaching her determination. The Defendant's "negative brady" argument has no merit. The government has already conceded that the undisclosed contents in the phones do not implicate to the defendant. In making this argument the Defense cited *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978). However, the issue in *Jago* was a motion to suppress evidence not a motion to compel. Thus, the situation in *Jago* is incongruent with the case at bar. *Id. at 6.* The Defense's argument regarding the impracticality of disclosing contents of the phone at trial is also without merit. There is no relevant evidence from the phones that has not been disclosed. Further, the argument that the trial will be disrupted because this evidence will be produced during the trial is purely speculative.

The Defendant argues that Fed. R. Evid. 106 mandates that the contents of the cellular phones be disclosed in their entirety. This argument is also speculative. Rule 106 expressly provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. In order for Fed. R. Evid. 106 to apply, some or all the contents of the phone would have to be introduced at trial. Not only has the evidence yet to be introduced, but the government continues to assert the contents of the phones will not be introduced. If conditions change and the contents of the phones are disclosed, then it is within the courts discretion to

address that matter at that time; however, addressing this matter currently, as requested by the defense, would be premature.

    2. <u>The Affidavit and Evidence of Leniency Regarding J.O.</u>

The Defense correctly argues that any evidence of leniency shown to J.O. is exculpatory evidence and must be disclosed. *Id.* at 6. The Government contends that they do not have possession of the affidavit of complaint in JO's most recent arrest, and that there were no deals made by the government or any evidence of a deal between J.O. and state prosecutors. Defendant's response to this is that the Government should contact the case agent or police department responsible for processing J.O.'s most recent arrest. *Id.* at 8. The Court agrees with the Magistrate's determination that the Government is not compelled to produce evidence that is not in its possession. Moreover, the Defense did not raise a legal claim here; this is only speculation without factual basis that the Government is withholding information it supposedly has access to through connections with agencies not involved in the case at bar.

    3. <u>The Name and Address of J.A.</u>

The Defendant asserts that J.A.'s name and address are essential to the defense investigation and should be disclosed. *Id.* Moreover, the Defense avers that there is no threat of harassment to J.A. as an informant. Further, Defendant argues that he may not get a fair trial if J.A's name and address are not disclosed. *Id.* at 9. However, the Defendant does not specifically object to the Magistrates finding that he failed to show that J.A.'s identity would substantially assist his preparation for trial. In fact, Defendant makes little mention of the *Roviaro* factors or other relevant case law used by the Magistrate in reaching her determination that Defendant failed to meet his burden. Again, as in the previous objections, the Defendant is speculating that turning over the requested information will result in exculpatory evidence. Moreover, the

Defendant's claim that there is no threat of harassment to J.A. is void of factual or legal basis. The Court finds that the Magistrate judge properly applied the *Roviaro* factors to the Defense's request for J.A.'s name and address.

### III. Conclusion

After a *de novo* review of the Magistrate's report and recommendation, including Defendants' objections, the Court adopts the Magistrate's recommendation and finds that Defendant's Motion to Compel should be **DENIED.**

**IT IS SO ORDERED** on this 15th day of September, 2015.

*S/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge